T.C. Memo. 1997-520

UNITED STATES TAX COURT

GEORGE P. BROWN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15161-96.                    Filed November 18, 1997.

George P. Brown, pro se.

Reginald R. Corlew, for respondent.

MEMORANDUM OPINION

DINAN, Special Trial Judge:    This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1992 in the amount of $2,040.

The issues for decision are: (1) Whether petitioner is entitled to claim head of household filing status; and (2) whether petitioner is entitled to a casualty loss deduction.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Miami, Florida, on the date the petition was filed in this case.

Petitioner works as a bus driver for the Metropolitan Dade County Transit Agency. During 1992, petitioner rented a house in the Miami area. He lived there with his wife and his two children, Tawana and Xavier, until September 1992 when he and his wife separated.

The house that petitioner rented was destroyed when hurricane Andrew struck the Miami area in 1992. He sustained a loss of nearly all of his personal property. Petitioner did not have renter's insurance coverage at the time of the loss.

The first issue for decision is whether petitioner is entitled to claim head of household filing status for 1992. In the statutory notice of deficiency, respondent determined that petitioner's proper filing status for 1992 is married filing separate.

Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioner bears the

burden of proving otherwise. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

In pertinent part, an individual may be considered a head of a household if, and only if, such individual is not married at the close of his taxable year. Sec. 2(b)(1). An individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married. Secs. 2(b)(2)(B), 7703(a)(2). In pertinent part, an individual is treated as not married at the close of the taxable year if such individual's spouse was not a member of such individual's household during the last 6 months of the taxable year. Secs. 2(c), 7703(b)(3).

Petitioner testified that he and his wife were never legally separated but that they lived apart from September 1992 until 1996. Since he was not legally separated and his wife was a member of his household during July and August 1992, we find that petitioner was married at the close of his 1992 taxable year. Accordingly, we hold that petitioner is not entitled to claim head of household filing status for 1992. Respondent's determination on this issue is sustained.

The second issue for decision is whether petitioner is entitled to a casualty loss deduction. Petitioner claimed a casualty loss in the amount of $33,321 on his 1992 amended return. After accounting for certain limitations, petitioner claimed a casualty loss deduction in the amount of $28,099.

Respondent disallowed the claimed deduction in the statutory notice of deficiency. Deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving his entitlement to any deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner's burden includes the requirement that he substantiate any deductions claimed. Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 165(a) allows as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. In the case of an individual's nonbusiness property, the deduction is limited to losses that "arise from fire, storm, shipwreck, or other casualty, or from theft." Sec. 165(c)(3).

Section 165(h)(1) provides that any casualty loss deduction of an individual is allowed only to the extent that the amount of the loss arising from each casualty exceeds $100. Section 165(h)(2) further limits the deduction to the amount that the aggregate of the losses for the taxable year, in excess of the section 165(h)(1) limitation of $100 per casualty, exceeds 10 percent of the individual's adjusted gross income for the taxable year.

The proper measure of the amount of the loss sustained is the difference between the fair market value of the property immediately before and after the casualty, not to exceed its

adjusted basis.  <u>Helvering v. Owens</u>, 305 U.S. 468, 471 (1939); <u>Lamphere v. Commissioner</u>, 70 T.C. 391, 395 (1978); sec. 1.165-7(b)(1), Income Tax Regs.  Since petitioner's adjusted gross income for 1992 is $51,215, he is entitled to a casualty loss deduction only if he proves that he sustained a loss in excess of $5,222.[2]

Petitioner submitted a number of photographs as evidence of the damage caused to his home by hurricane Andrew.  Based on these photographs, we are convinced that petitioner sustained a casualty loss during 1992.  However, petitioner failed to substantiate the amount of the loss claimed on his return.  He submitted no receipts showing the value of his damaged property.

In the event that a taxpayer establishes that he has incurred a deductible loss, but is unable to substantiate the precise amount of the loss, we may estimate the amount of the deductible loss, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the loss is of his own making.  <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930); see e.g., <u>Daniel v. Commissioner</u>, T.C. Memo. 1997-328.  In order to make such an estimate, the taxpayer must present evidence sufficient to provide some rational basis upon which an

---

[2]    This amount includes:  (1) The section 165(h)(1) limitation of $100; and (2) the section 165(h)(2) limitation of $5,122 ($51,215 x 10%).

estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Petitioner compiled a list of items that were destroyed by hurricane Andrew.  The list contains petitioner's own estimates of their values.  At trial, petitioner testified that several of the items on the list were owned by his landlord.  In addition, he admitted that much of his property was several years old when it was destroyed.  Finally, he did not include on the list the automobiles claimed on his amended return as a loss.  After reviewing petitioner's list and considering his testimony, we estimate petitioner's loss from hurricane Andrew to be $7,062.

After taking into account the section 165(h) limitations, petitioner's allowable casualty loss deduction is $1,840.  Since petitioner has not claimed any other itemized deductions, we hold that he is only entitled to the standard deduction for an individual filing as married filing separate, which is greater than his allowable casualty loss deduction.

To reflect the foregoing,

Decision will be entered

for respondent.